■ In the Matter of the CITY OF SCHENECTADY, Respondent, v CLIFFORD J. KEARNEY, Appellant.—Appeal from an order of the County Court of Schenectady County at Special Term, entered January 15, 1975, which granted plaintiff's motion for summary judgment and directed entry of a judgment of foreclosure for unpaid tax liens filed against defendant's prop-

erty. The plaintiff City of Schenectady commenced this in rem action to foreclose certain tax liens (Real Property Tax Law, art 11, tit 3). Its list of parcels affected by unpaid liens included one described as *"Lot* House No. 134 *Street* Broadway" (see Real Property Tax Law, § 1122). Claiming ownership of property commonly known as 130-134 Broadway, Schenectady, defendant served a verified answer challenging the adequacy of the foregoing description and alleging, on information and belief, that relevant taxes were "not unpaid." The city thereafter moved for summary judgment and this appeal is from the order granting that relief. We agree with the County Court that the quoted description was sufficient to identify the parcel in question (Real Property Tax Law, § 1122, subd 3, par [a]). Defendant's assertion that he never received notice of any delinquency is without merit for it appears the statute was strictly complied with in this regard (Real Property Tax Law, § 1122, subd 3, par [b]) and, as a subsequent owner, defendant failed to avail himself of the protection afforded by section 1126 of the Real Property Tax Law. Lastly, the burden of establishing a defense to the action rested upon defendant (Real Property Tax Law, § 1134) so that even if his answer were liberally construed to raise the defense of payment, the affidavit of his attorney contained no evidentiary material in relation thereto which would support that defense or present a triable issue of fact. Accordingly, County Court properly granted summary judgment in favor of the city, but since the foreclosure applies only to those liens which have been due and unpaid for at least four years (Real Property Tax Law, § 1120, subd 1) and the instant order appears to refer to some more recent tax liens, the matter should be remitted to that court for further proceedings in accordance with this decision. Order modified, on the law and the facts, by reversing so much thereof as granted judgment foreclosing tax liens not unpaid for more than four years, and matter remitted to County Court for further proceedings in accordance herewith, and, as so modified, affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.